UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:09-CR-297-1 |
| | § | |
| RICHARD DANIEL GARCIA | § | |

## ORDER

Richard Daniel Garcia filed a notice of appeal and a motion to appeal *in forma pauperis*. D.E. 47, 51. The Court construes Garcia's notice of appeal to include a motion for extension of time to file a notice of appeal. For the reasons that follow, Garcia's construed motion to extend time to file a notice of appeal is denied and his motion to appeal *in forma pauperis* is also denied.

Garcia appeals this Court's Order denying him a sentence reduction pursuant to Amendment 782 and 18 U.S.C. 3582(c)(2). That Order was docketed on April 16, 2015, and mailed to Garcia. The envelope was returned to the Clerk and resent on May 27, 2015. Garcia appears to have received notice between May 28, 2015, and June 1, 2015, when he prepared and filed his motion to clarify. *See* D.E. 46 (dated June 1, 2015). Because Garcia is in custody the mailbox rule applies. Fed. R. App. P. 4(c). Garcia's notice of appeal purports to have been mailed on June 11, 2015, according to the Certificate of Service, but the Certificate of Service and the Notice of Appeal are unsigned. *See* D.E. 47.

A motion for sentence reduction is a step in a criminal case and the rules governing criminal appeals apply. *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam).[1]

---

[1] Two of this court's sister circuits have held that a § 3582(c)(2) motion is not a civil postconviction action but a "step in a criminal case," the denial of which must be appealed within 10 days from the entry of judgment. *United States v. Ono*, 72 F.3d 101, 102-03 (9th Cir. 1995); *United States v. Petty*, 82 F.3d 809, 810 (8th Cir.1996); Fed. R. App. P. 4(b). As the Ninth Circuit stated, § 3582 is a criminal provision because,

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days of the date the judgment appealed from is entered on the docket, but allows a motion for extension of the time to file the notice of appeal if the requested extension is within thirty days of the due date.[2] Fed. R. App. P. 4(b)(4). Garcia's notice of appeal was required to be filed on or before April 30, 2015, and this Court is permitted to grant an extension of time of 30 days, or until May 30, 2015. The Court acknowledges that Garcia's notice of appeal was too late by the time he received notice of the Order.

Although the Clerk is required to give notice of all Orders after arraignment, the Clerk's failure to do so des not relieve a party from his obligation to timely file a notice of appeal. Fed. R. Crim. P. 49(c) ("When the court issues an order on any post-arraignment motion, the clerk must provide notice in a manner provided for in a civil action. Except as Federal Rule of Appellate Procedure 4(b) provides otherwise, the clerk's failure to give notice does not affect the

---

inter alia, it "governs the imposition and subsequent modification of a sentence of imprisonment," and it refers to the statutes and rules governing the imposition of sentences. *See Ono*, 72 F.3d at 102.
We agree with the reasoning of these decisions and adopt it as our own.

*Id*.

[2]   Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

Fed. R. App. P. 4(b)(1)(A). Rule 4(b)(4) states:

> Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

time to appeal, or relieve--or authorize the court to relieve--a party's failure to appeal within the allowed time.").

Garcia's construed motion to extend the time to file his notice of appeal (D.E. 47) is DENIED and his motion to proceed *in forma pauperis* (D.E. 51) is also DENIED because his construed motion to extend the time to file a notice of appeal was filed too late.

SIGNED and ORDERED this 15th day of July, 2015.

_____
Janis Graham Jack
Senior United States District Judge